49  347
72  490

JOEL J. PERRIN, ADM'R FOR H. J. PERRIN v. STEPHEN V. R. LEPPER, ADM'R DE BONIS NON FOR J. SIBLEY, ANNA LOUISA FISK AND DARIUS PERRIN.

*Partnership—Suit for winding up business not barred by proceedings for discovery.*

Probate proceedings for discovery do not bar an otherwise proper suit in equity for winding up the concerns of a partnership; delays caused by them can be allowed for in the progress of the chancery suit.

Appeal from Calhoun.     Submitted June 9.     Decided October 31.

BILL for accounting, etc.     Complainant appeals.

*Hughes, O'Brien & Smiley, Ashley Pond* and *Joseph A. Stull* for complainant.

*Wm. D. Adams, Wm. H. Porter* and *S. T. Douglass* for defendants. A court of equity will not interfere to arrest proceedings pending in the probate court to settle an administration account, unless some peculiar necessity for the interference is shown, and then only to the extent of the necessity: *Holbrook v. Campau* 22 Mich. 288.

CAMPBELL, J.    The bill below was filed for the purposes of winding up the concerns of a partnership consisting of Horace J. Perrin and Joseph Sibley, and in which Darius Perrin is claimed to have asserted and possibly to have had an interest. He is averred to have obtained possession of some assets of the firm. Lepper is brought in as Horace J.

Perrin's successor in the administration of Sibley's estate, and Mrs. Fisk as devisee of the heir at law and general devisee of Sibley.   The bill also sets up various transactions in the management of the estate, and improvement of property held in common by Horace Perrin and the Sibley estate, between Perrin and the heir Francis M. Sibley. Mrs. Fisk demurred generally, and Lepper set up the pendency of certain discovery proceedings in the probate court.   The bill was dismissed as to them, but Darius Perrin made no objection to the bill and defends generally, and is not before us on the appeal.

The bill is in its present shape too defective to sustain any substantial equity against the defendants who pleaded and demurred.   Its allegations are too vague and indefinite. But, while the court below rightly sustained these pleadings, it is not impossible that it may be so amended as to present in a tangible form a proper case for equitable relief. The probate proceedings, in our opinion, do not prevent a suit in equity, if it is otherwise proper.   Any delays caused by them can be allowed for in the progress of the chancery suit.

We are not, therefore, disposed to consider at length the questions involved in the bill, and the case will be remanded with leave to complainant to amend if he shall so elect, without costs of this Court to either party.

The other Justices concurred.