## PERRIN, Adm'r, *v.* LEPPER, Adm'r, and others.

*(Circuit Court, E. D. Michigan.* January 4, 1886.)

1. PARTNERSHIP—ACCOUNTING BETWEEN ADMINISTRATOR OF ONE PARTNER AND ADMINISTRATOR DE BONIS NON OF ANOTHER PARTNER.

    A bill was filed in a state court by the administrator of one partner against the administrator *de bonis non* of another partner, to obtain a settlement of the partnership accounts, and of certain land transactions between the partners, and also to compel an adjustment of the accounts of the complainant's intestate as executor of his partner's will. Both these parties were residents of the same state. The sole legatee under the will of the deceased partner, who was also a resident, and the heirs at law of such partner. who were all non-residents, were also made defendants. The non-resident heirs at law removed the case to the federal court, upon the ground that it involved one controversy between them and the resident legatee, and another between them and the resident complainant. *Held,* that the complainant was a necessary party to the controversy between the non-resident heirs and the resident legatee, and that the other resident defendants were also necessary parties to the controversy between the non-resident heirs and the complainant, and that the cause should be remanded.

2. SAME—PARTIES TO SUIT.

    Where a party occupies a neutral position, and is in a manner a stakeholder or trustee, or is otherwise bound to account to one of two other parties. he is an indispensable party to the controversy between them, if he still has possession of the fund to be accounted for.

In Equity. On motion to remand.

This was a bill by Joel J. Perrin, administrator of the estate of Horace J. Perrin, deceased, a citizen of Michigan, against Stephen V. R. Lepper, administrator *de bonis non* of the estate of Joseph Sibley, deceased, Anna L. Fisk, daughter-in-law and legatee under the will of Joseph Sibley, also citizens of Michigan, and numerous other parties heirs of Joseph Sibley, all residents of other states, and known collectively as the "Sibley heirs." The object of the bill was to obtain a settlement of the accounts of the firm of H. J. Perrin & Co., of which Horace J. Perrin and Joseph Sibley were the members; and also a settlement of the accounts of Horace J. Perrin as executor of the will of his partner Joseph Sibley. The facts were substantially as follows: Prior to 1864 Horace J. Perrin and Joseph Sibley composed the firm of H. J. Perrin & Co. There was also some evidence tending to show that Darius Perrin was a member of the firm, but this was immaterial. Perrin and Sibley were also tenants in common of certain real estate, consisting principally of what was known as the "Kalamazoo River Mill Property." In September, 1864, Sibley died, and Perrin, his surviving partner, became his executor and as such took possession of his estate. In January, 1880, Perrin died, without having accounted either as executor or as surviving partner, and the complainant, Joel J. Perrin, was appointed administrator of his estate, and the defendant Lepper administrator *de bonis non* of the estate of Sibley. While Perrin was nominally the complainant in this bill, the suit was substantially by Lepper

against Perrin, to compel an account of the administration of Sibley's estate, including the copartnership affairs of H. J. Perrin, & Co., and to obtain a decree for the balance found to be due upon such accounting. Defendant Mrs. Fisk, and the so-called "Sibley heirs," each claimed the estate of Sibley,—the former as the widow and sole legatee of the son of Joseph Sibley, who was also the sole legatee of his father; the latter as the collateral heirs of Joseph Sibley, who claimed that the estate never vested in his son, but upon his death passed to them under the will of Joseph Sibley. After the case was put at issue by the filing of the usual replication, the Sibley heirs, who were over 40 in number, filed their petition for the removal of the case to this court, setting forth that the suit involved a controversy between Mrs. Fisk individually and as executrix of the will of her deceased husband on the one side, and all of the Sibley heirs on the other, respecting the construction of the last will and testament of Joseph Sibley, deceased, in order to determine which of said parties to such controversy were the actual owners of the Sibley estate, and entitled to receive whatever might be recovered of the complainant in behalf of such estate in this suit, and also that the entire case upon its merits involved a controversy between complainant, a citizen of Michigan, on the one side, and the Sibley heirs on the other, all of whom were non-residents.

*S. T. Douglass*, for Mrs. Fisk.

*M. J. Smiley*, for complainant.

*L. P. Perkins*, for the Sibley heirs.

BROWN, J. The original bill against Lepper, Mrs. Fisk, and Darius Perrin was filed with a triple object: (1) To settle the partnership accounts of H. J. Perrin & Co., of which firm Darius was said to have been a member; (2) to settle the accounts of Horace J. Perrin as executor of the will of his partner, Joseph Sibley; (3) to settle his account as tenant in common with Joseph Sibley of certain real estate, upon which he had made large expenditures of money.

Defendant Mrs. Fisk, who was the widow and sole legatee of Francis M. Sibley, himself the son and sole legatee of Joseph Sibley, demurred to the bill upon the ground, among others, that the relief sought by the bill involved the question whether she or the Sibley heirs were entitled to the estate of Joseph Sibley. This demurrer was practically sustained by the supreme court, (*Perrin v. Lepper*, 49 Mich. 347; S. C. 13 N. W. Rep. 768,) and the bill was subsequently amended by making the Sibley heirs parties. These heirs, who are all non-residents, petitioned for the removal of the case to this court, upon the ground that the suit involved a controversy between Mrs. Fisk and themselves, concerning the construction of the will of Joseph Sibley, and a determination of the question which of the two is entitled to his estate. The case, as to citizenship, stands then in the following position. The complainant, Perrin, adminis-

trator of the estate of Horace J. Perrin, one member of the firm, is a citizen of Michigan. Defendant Lepper, administrator *de bonis non* of the other partner, and defendant Fisk, who claims the estate of Sibley as legatee, are also citizens of Michigan. The Sibley heirs, who claim adversely to her, are all citizens of other states. Does the case involve a controversy wholly between citizens of different states, which can be fully determined as between them, within the meaning of the second clause of the second section of the act of 1885 ? It is conceded that if there be such a controversy the fact that it is between two defendants, instead of being between two opposite parties, is immaterial. It was held in the *Removal Cases,* 100 U. S. 457, that, for the purposes of a removal, the matter in dispute may be ascertained, and according to the facts the parties to the suit arranged on the opposite sides of that dispute, and that if, in such an arrangement, it appears that those on one side, being all citizens of different states from those on the other, desire a removal, the suit may be removed. While the act demands as a requisite of removability only the existence of a controversy between citizens of different states, it has always been construed to authorize a removal only in those cases where the controversy was *wholly* between parties of diverse citizenship, and where the other parties, whose presence would oust the jurisdiction of the court, were not necessary or indispensable parties to such controversy. If, for example, the controversy be between a resident plaintiff and a non-resident defendant, and there be also a resident defendant who is an indispensable party to such controversy, the case cannot be removed. So, if the controversy be between a resident and non-resident defendant, and the plaintiff be a resident and a necessary party, the jurisdiction is also defeated. This construction was first given to the act of 1867 in the *Sewing-Machine Cases,* 18 Wall. 553, and was also applied to the act of 1875 in *Blake* v. *McKim,* 103 U. S. 338, and repeated in *Hyde* v. *Ruble,* 104 U. S. 407.

In this case it is claimed there are two controversies, the existence of either of which is sufficient to confer jurisdiction, viz.: a controversy between the complainant, Perrin, and the non-resident Sibley heirs, to which Mrs. Fisk and Lepper, the resident defendants, are not necessary parties; and another between the Sibley heirs and the defendants Fisk and Lepper, to which the complainant is not indispensable. Two cases are claimed to be decisive in favor of our jurisdiction; but upon examination we are satisfied that neither of them has any bearing upon the question under consideration. In the *Removal Cases,* 100 U. S. 457, a resident construction company brought suit against a resident railroad company to enforce a mechanic's lien, and in the petition priority was claimed for this lien over that of a mortgage held by non-resident trustees. Process was served only upon the railway company, which appeared and filed an answer, contesting only the amount due. The case was referred, and upon the referee's

report a judgment was entered up in favor of the construction company. Subsequently the non-resident trustees of the mortgage appeared in answer to a summons by publication, and removed the case to the federal court, and the question was made whether the suit involved a controversy between citizens of different states, within the meaning of the first clause of the second section of the act. The court held that it did, and put its decision expressly upon the ground that, "before the trustees of the mortgage were actually brought into court by service of process, the dispute between the railroad company and the construction company had been finally disposed of. The amount due the construction company had been ascertained, so far as that company and the railroad company were concerned, the mechanic's lien established, and the property sold under the lien to pay the debt. There was after that nothing left of the suit, except that part which related solely and exclusively to the priority of the mortgage lien, and, as to this, the controversy was between the construction company on the one side, and the mortgage trustees on the other. If the railroad company still continued a party to the suit, it was a nominal party only, and its interests were in no way whatever connected with those of the trustees." The case of *Barney* v. *Latham*, 103 U. S. 205, is equally inapplicable. In this case a bill was filed by a resident plaintiff against a resident land company, to obtain possession of certain land contracts and securities in the hands of the company, and also against certain non-resident defendants, for an account of the sales of land made by them before the title to the lands was conveyed to the land company. It was held that there were two distinct controversies in this case: one between the plaintiffs and the land company, to the full determination of which the other defendants were not in any legal sense indispensable parties; and another against the individual defendants for an account due upon sales prior to the conveyance to the land company, and that that was a controversy with which the land company had no necessary connection. It was said that if the suit sought no other relief than a decree against the non-resident defendants, it could not be pretended that the corporation would have been a necessary or indispensable party to that issue, and that the controversy did not cease to be one wholly between the plaintiff and those defendants because the former, for their own convenience, chose to embody in the complaint a distinct controversy between themselves and the land company.

The question in each case is whether the party whose presence would defeat the jurisdiction is an indispensable party to the controversy between the parties who are citizens of different states. Subsequent cases have fully established the doctrine that where a party occupies a neutral position, and is in a manner a stakeholder or trustee, or otherwise bound to account to one of two other parties, he is an indispensable party to the controversy between them, *if he still has possession of the fund or property to be accounted for.* Thus, in *St.*

*Louis, etc., R. Co.* v. *Wilson,*[1] plaintiff, a citizen of Missouri, filed his bill against a Missouri corporation and two citizens of New York, to compel the company to transfer to him on its books certain shares of its capital stock standing in the name of the New York parties, and to issue to him certificates therefor. It was held that this could not be done without the presence of the company, for the decree must operate upon the company itself; that the non-resident defendants were made parties only in aid of the principal relief which was asked, and for the purpose of protecting the company in case a transfer of the stock was ordered to the plaintiff upon the final hearing. Substantially the same ruling was made in *Crump* v. *Thurber,* 115 U. S. 56; S. C. 5 Sup. Ct. Rep. 1154; and the like principle was also asserted in *Winchester* v. *Loud,* 108 U. S. 130, S. C. 2 Sup. Ct. Rep. 311, and in *Thayer* v. *Life Ass'n,* 112 U. S. 717, S. C. 5 Sup. Ct. Rep. 355. In *Bailey* v. *New York Sav. Bank,* 2 Fed. Rep. 14, an action was brought by a widow to recover moneys deposited by her husband in a New York savings bank. On petition of the bank, under a state statute, the alleged executor of the decedent, a resident of Connecticut, was made a party defendant. The bank subsequently put in an answer, setting up that it could not ascertain which of the two claimants was entitled to the money, and prayed that, when all the parties necessary to render the judgment of the court a protection to it should be brought in, such parties might interplead and settle their rights among themselves, and that the bank might pay the money into court to await the final determination of the action. It was held by Mr. Justice BLATCHFORD that until the moneys had been paid into court, and its liability for the deposit had ceased, the bank was a necessary party to the suit, and the cause could not be removed under the act of 1875. See, also, *Moore* v. *North River Const. Co.,* 19 Fed. Rep. 803. The case of *Ex parte Grimball,* 61 Ala. 598, is directly in point. Plaintiff, the trustee of certain property under a will, filed a bill against parties claiming the property, viz., the brothers and sisters of the deceased, her administrator, and her husband, for the settlement of his trust, and for instructions as to the disposition of the property. All the parties except the husband, who resided in New York, were residents of Alabama. It was held that he was not entitled to remove the case to the federal court, inasmuch as the complainant was a necessary party to the controversy between himself and the other defendants.

In the case under consideration it is entirely possible that a bill might have been brought by the complainant against Lepper alone, to settle the accounts of the partnership and the executorship, and neither the legatee nor the heirs of Sibley would have been indispensable parties to such a bill; but as the bill also involves the settlement of certain accounts between partners as tenants in common, and the

---

[1] 114 U. S. 60; S. C. 5 Sup. Ct. Rep. 738.

disposition of certain real estate held by them, both the legatee and the heirs, who each claim the entire estate, would seem to be necessary parties. Such appears to have been the ruling in the state courts, and we have no disposition to criticise it. So, also, it is possible that a suit might have been brought by the Sibley heirs against Mrs. Fisk, to determine their respective rights to the estate of Sibley, without making either Perrin or Lepper parties. But that does not answer the question presented here, whether, in this case, Perrin is not a necessary party. Under the authorities above cited, we are clearly of the opinion that he is. The amended bill prays that an account may be taken of the dealing of Horace J. Perrin with the real estate held by him and Sibley in common, and that the balance due Perrin may be ascertained and liquidated, and decreed to be paid out of the assets of the Sibley estate, and be also decreed to be a lien upon Sibley's share of the property, and that it may be sold, and out of its proceeds the amount due the estate of Perrin may be paid; that the Sibley heirs may be made parties defendant, and the court may decree whether they have any rights or interests in his estate, or any right to an accounting with the complainant in respect thereto, and which of said parties, viz., the heirs of Sibley or Mrs. Fisk, be entitled to such accounting; and that the same may be final and conclusive, and a bar to any further claim against the Perrin estate. It is neither the object of the complainant nor of the Sibley heirs to determine, as an abstract proposition, whether they or Mrs. Fisk are entitled to the Sibley estate, but which of them is entitled to the benefits of the accounting between the complainant and the administrator with respect to the affairs of the partnership and the executorship, and between the complainant and the proper heirs and devisees of the real estate with respect to the lands held by them in common. To this controversy it is clear that the complainant is an indispensable party. It is also entirely clear that, to the controversy between complainant and the Sibley heirs, Lepper, the administrator of Sibley, is a necessary party. We are satisfied the court has no jurisdiction of the case.

The view we have taken of this branch of the case renders it unnecessary to discuss the remaining grounds of the motion. The case will be remanded to the circuit court for the county of Calhoun.