106 F.Supp. 86 (1952)
UNITED STATES
v.
SCHUERMANN et al.
No. 8441(2).
United States District Court E. D. Missouri, E. D.
July 1, 1952.
*87 George L. Robertson, U. S. Atty., St. Louis, Mo., Harold Bacon, Sp. Asst. to the Atty. Gen., and Allan McD. Goodloe, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.
Harry N. Soffer and Joseph Nessenfeld, St. Louis, Mo., for defendant Oscar Lehr.
Dubinsky & Duggan and Jerome F. Duggan, St. Louis, Mo., for defendant St. Louis Finance Co.
HULEN, District Judge.
The question for ruling is  can plaintiff by this action secure control for sale purposes of capital stock in, and payment to it of promissory notes executed by defendant finance company, originally issued and delivered to taxpayer, defendant Schuermann, to satisfy a tax lien against Schuermann, without proof that the taxpayer is still in control and the owner of the instruments. Defendant taxpayer is in default; the other two defendants in general deny plaintiff's claims.
The facts are not in dispute. The taxpayer now owes income tax or penalty for years 1942, 1943, 1944 and 1945. As of August 16, 1948, the assessment was in excess of $236,000. At the time of trial, by stipulation entered before the tax court, tax liability was fixed at:
 1942, tax $1,351.75, plus penalty $675.88;
 1943, penalty $1,305.94;
 1944, tax $73,795.98, plus penalty $36,897.99;
 1945, tax $50,310.16, plus penalty $25,155.08.
On January 2, 1945, defendant finance company issued and delivered to taxpayer a certificate for 313 shares of its class A stock and 19 shares of its class B stock. *88 The stock transfer books show there has been no subsequent change in record ownership of the stock.
On January 30, 1947, defendant finance company executed and delivered to defendant taxpayer, for value, its promissory note for $10,000. A like transaction took place on November 13, 1947, and again on December 15, 1947, except the amount of the last two notes was $5,000 each. The principal unpaid balance on the three notes, as of trial date, had been reduced from $20,000 to $18,120.69, plus accrued interest.
On April 10, 1951, notice of levy was served on defendant Oscar Lehr, as president of the defendant St. Louis Finance Company, demanding that the assets of the taxpayer in the hands of the finance company be paid to plaintiff to be applied on the tax lien.
All preliminary procedural requirements to maintain this suit have been taken by plaintiff.
Defendant taxpayer did not testify.
Neither party has filed a brief.
Defendant finance company by oral argument suggests "it could be" that the notes and stock have been pledged or sold and that until the new owner makes claim the finance company should be left as stockholder, so to speak. To let the matter remain status quo presents two hazards which we think plaintiff should not be required to run. The tax liens expire in six years from date, unless renewed by a payment, and for plaintiff to wait beyond that date might foreclose its rights. The statute of limitations runs on the notes in ten years from date, no interest payments having been made. The record is silent as to how the principal credits were applied.

I.
Plaintiff has a judgment against defendant Schuermann for taxes. This suit is in the nature of a garnishment proceeding against the remaining defendants. It finds authority in Section 3678, Title 26, U. S.C.A., 53 Stat. 450. By rule 64, Federal Rules of Civil Procedure, 28 U.S.C.A., laws of the State of Missouri applicable to such character of action are available to plaintiff. This Court has jurisdiction of the cause and of the parties.

II.
Plaintiff's evidence establishes ownership of record of the two classes of stock in taxpayer Schuermann on January 2, 1945. Under Missouri law, absent any showing or claim to the contrary, that is sufficient to establish present title in taxpayer. Osmer v. Le May-Wegmann Brokerage Co., 155 Mo.App. 211, 134 S.W. 65, loc.cit. 69.
The Court is not bound by Missouri law in this case, but since we find no Federal authority on the subject we are disposed to look to Missouri law for guidance.
Defendant St. Louis Finance Co., Inc. is a Missouri corporation. Authority for seizure of its stock by this action will be found in State ex rel. North American Co. v. Koerner, 357 Mo. 908, 211 S.W.2d 698.
Plaintiff is entitled to the relief prayed for with respect to the stock of defendant finance company in the name of defendant Schuermann. There is no just reason for delay and a final judgment on this phase of the case will be entered. Rule 54(b), Federal Rules of Civil Procedure.

III.
The authorities are not uniform on rights of a judgment creditor to proceed against the maker of a negotiable note payable to the judgment debtor.
There is evidence of ownership by Schuermann of the three notes in question at the time they were executed by defendant finance company. In King v. Missouri Pac. R. Co., Mo.Sup., 263 S.W. 828, loc.cit. 833, the Missouri Supreme Court declared:
"* * * where the existence at one time of a certain condition or state of things of a continuous nature is shown, the general presumption arises that such condition or state continues to exist, until the contrary is shown by either circumstantial or direct evidence, so long as is usual with conditions or things of that particular nature."
In Newell v. La Font, Mo.App., 251 S.W. 472, it was held that a promissory note is *89 a thing of "that particular nature" to which the rule applies. In Diel v. Stegner, 56 Mo.App. 535, the rule was applied to a debt. In Osmer v. Le May-Wegmann Brokerage Co., supra, it was applied to ownership of certificates for shares of stock.
The three notes are demand notes. As such the maker and holder occupy a position analogous to a bank and depositor. Under Section 401.072, RSMo 1949, V.A.M.S., demand for payment is not confined to the holder of a note payable on demand. Such demand may be made "by some person authorized to receive payment on his [holder] behalf". By virtue of the law under which plaintiff enforces its judgment, plaintiff is authorized, by law, to receive payment of the notes on behalf of Schuermann, and therefore can demand payment of the maker, in the same manner as if Schuermann had a bank balance subject to levy for the tax judgment.
There are also other facts of record indicating ownership and control of the notes by the taxpayer.
Although plaintiff has the right to demand the payment to it of the three notes given to Schuermann by defendant finance company, we are not disposed at this time to grant plaintiff a final judgment and order the amount due on the notes paid to plaintiff. The authorities for and against such disposition of the case will be found in 38 C.J.S., Equity, § 102.
Protection of the maker of the note should be given serious consideration. We follow that line of cases, particularly in view of plaintiff's privileges under Section 525.280, RSMo 1949, V.A.M.S.
Plaintiff should make a prima facie showing of present control and ownership in defendant taxpayer of the notes in question.
We are not convinced that plaintiff has pursued reasonable avenues of discovery, as to any outstanding claims to the notes. The taxpayer's testimony as to whereabouts of the notes is absent. He knows their whereabouts. There is no apparent reason for his not revealing this fact or volunteering the information. Members of taxpayer's family might shed light on the subject. Officers of defendant finance company may have information. One even claiming an interest in the notes must be brought into this proceeding. Sec. 3678(b), Title 26, U.S.C.A.
As of this stage of the case, the plaintiff's showing on this issue has been superficial and inconclusive.
Submit a decree in accord with this memorandum and providing:
(1) That defendant Harry W. Schuermann is in default. That neither of the defendants has any rights in the property involved.
(2) That plaintiff has a lien on the shares of stock standing in the name of Harry W. Schuermann, in defendant St. Louis Finance Company.
(3) That defendant finance company, and Oscar Lehr, having charge and custody of the stock record books of said finance company, not less than five days from date of decree, shall deposit with the Clerk of this Court certificates of stock, of like kind and number of shares, and with all the rights in same, as now stand in the name of Harry W. Schuermann in said finance company.
(4) That said certificates of stock, and all the right and title of Harry W. Schuermann therein, shall be sold by the Marshal of this Court to enforce the lien of plaintiff, and the proceeds of such sale shall be used to pay and be applied on the tax liability of Harry W. Schuermann.
(5) That on presentation by the purchaser, at Marshal's sale, of such stock certificates, to defendants, new stock certificates in the name of the purchaser will be made and delivered to the purchaser.
(6) That the defendants and each of them shall be enjoined from taking, or aiding or assisting in taking, any action relative to any of the property involved, or any interest therein, that would change or affect in any way the present status of ownership as to taxpayer's interest, or liens or rights of the plaintiff, in and to all of said property.
(7) That jurisdiction of this cause shall be retained for any further proceeding or orders required in the premises.