**UNITED STATES**

v.

**NEWHARD et al.**

**Civ. A. No. 11738.**

United States District Court
W. D. Pennsylvania.
March 10, 1954.

John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., and Leonard J. Paletta, Asst. U. S. Atty., New Kensington, Pa., for the Government.

Anthony Cavalcante, Uniontown, Pa., for defendant Newhard.

Eustace H. Bane, Uniontown, Pa., for defendant Karolcik.

MARSH, District Judge.

In this action the United States seeks to attach the accrued wages of the defendant Newhard in the hands of his employer, the County of Fayette, to enforce tax liens which arose because of certain assessments of Federal Insurance Contribution and Withholding Taxes against Newhard which were made in connection with his operation of a private business and which he has failed to pay. The defendant Karolcik, the Treasurer of the County of Fayette, filed an answer to the complaint in which he admits that he is holding $359.54 as wages due and payable to Newhard, pending the outcome of this litigation.

The defendant Newhard has filed a motion to dismiss the complaint under Rule 12(b), Fed.Rules Civ.Proc. 28 U.S.C. on the grounds that (1) the complaint fails to state a claim against defendant upon which relief can be granted; (2) the defendant Karolcik is an agent of a political subdivision of the Commonwealth of Pennsylvania and "not subject to service of process on the subject matter of the complaint"; (3) jurisdiction of the subject matter of the complaint is in the courts of the Commonwealth of Pennsylvania; (4) "the court is without jurisdiction of the wages of the defendant, C. J. Newhard, a public employee of the County of Fayette, an Agency of the Commonwealth of Pennsylvania"; and (5) failure to join an indispensable party.

The first four points in the motion raise the interesting, and as yet undecided, question of whether or not the United States may garnish the salary of an employee of a state.

However, interesting as the question may be, it is our opinion that the defendant Newhard is not the proper party to raise it. The Treasurer has not joined in the motion. In his answer, Karolcik states that he is holding, in his official capacity, certain funds which are due and owing to Newhard as wages; that he is without knowledge as to the averments of the complaint relative to the Government's claim against Newhard. He further states in his answer

that he proposes to withhold the funds from payment "either to the United States of America, or the Defendant, until such time as the instant matter may be adjudicated, or to pay the same in such manner as the Court may direct and thereby be relieved of all liability for payment of the sum in his possession."

■ The defendant also contends that the complaint should be dismissed because in Pennsylvania the attachment of wages is prohibited by statute. Act of April 15, 1845, P.L. 459, § 5, 42 P.S.Pa. § 886.

But in Dole v. City of Philadelphia, 1940, 337 Pa. 375, 11 A.2d 163, 168, it was decided that the above Act "sets up a system of attachment for debts and applies to debts only and not to taxes." The Act, therefore, has no application to the instant case.

■■ Defendant's fifth point raises the issue of nonjoinder of indispensable parties, the County of Fayette and the Commonwealth of Pennsylvania. We think this point, insofar as it relates to the county, is well taken. The Government contends that, in view of the defendant Karolcik's answer, the county is not a necessary party to this proceeding; however, it is not clear to the court that the County Treasurer has authority to pay the fund into court, nor is it clear that a decree directed to the Treasurer would bind the county. Until this money is paid to the defendant Newhard, it remains the property of the County of Fayette. The General County Law, Act of 1929, May 2, P.L. 1278, art. IV, § 352, 16 P.S.Pa. § 352, provides: "The treasurer shall pay no money out of the county treasury, except on warrants drawn by a majority of the commissioners, and countersigned by the controller." In Perrin v. Lepper, C.C.E.D.Mich.1886, 26 F. 545, at page 548, it is stated:

" * * * where a party occupies a neutral position, and is in a manner a stakeholder or trustee, or otherwise bound to account to one of two other parties, he is an indispensable party to the controversy between them, *if he still has possession of the fund or property to be accounted for.*"

It is the opinion of the court that this action should have been brought against the County of Fayette, and that the County Commissioners and the County Controller are indispensable parties, and should, therefore, be joined as defendants.

Rule 21, F.R.C.P., provides that misjoinder of parties is not ground for dismissal of an action and allows the court, at any stage of the action, to order the addition of parties which it deems necessary.

An order will be entered in conformity with this opinion.