**UNITED STATES of America,**
**Plaintiff,**

v.

**C. J. NEWHARD, Michael Karolcik, G. Emerson Work, J. Lewis Williams, William J. Graham, John Hoye, County of Fayette, Pennsylvania, Defendants.**

**Civ. A. No. 11738.**

United States District Court,
W. D. Pennsylvania.

Feb. 14, 1955.

John W. McIlvaine, U. S. Atty., Leonard Paletta, Asst. U. S. Atty., Edward Rothe, for the United States.

E. H. Bane, Uniontown, Pa., for Michael Karolcik and others.

Anthony Cavalcante, Uniontown, Pa., for C. J. Newhard.

MARSH, District Judge.

This is an action authorized by the Commissioner of Internal Revenue and directed by the Attorney General of the United States to enforce a tax lien against the wages of C. J. Newhard, a delinquent taxpayer. The complaint was filed October 8, 1953 and served October 13, 1953 on Newhard, the taxpayer, then an employee of Fayette County, Pennsylvania, and on the Treasurer of Fayette County.

Upon the taxpayer's motion to dismiss, the plaintiff was ordered to join as additional defendants the County of Fayette, the County Commissioners and the County Controller. D.C., 15 F.R.D. 348. On March 26, 1954, the plaintiff by an amended complaint complied with this order. The amended complaint was served the same day on all the defendants. This time [1] the County and its fiscal officers joined with the taxpayer in moving for a dismissal on the grounds: (1) that the amended complaint fails to state a claim against defendants upon which relief can be granted; (2) that

the County and its officers are agents of the Commonwealth of Pennsylvania and as such are not subject to service of process attempting to garnish the wages of one of the employees of the County; (3) that "the action is ancillary and not based upon a matter before the court on original jurisdiction"; (4) that the court has no jurisdiction over the wages of an employee of the County of Fayette, Pennsylvania.

They argue in the motion that the County is a state agency, and that its fiscal officers not only do not have legal power to pay Newhard's salary to the United States by way of garnishment, but also that the latter has not commenced an original action in this court against Newhard for collection of its taxes.

On August 20, 1954, the plaintiff filed a motion for summary judgment. Attached thereto was an affidavit of the District Director of Internal Revenue asserting that according to the official records of the Internal Revenue Service, C. J. Newhard d/b/a Personality Beauty Shoppe became indebted to the plaintiff for various withholding and social security taxes, penalty and interest, totaling $1,824.85.[2] Other relevant facts pertaining to the assessment of these taxes were set forth.

Plaintiff also filed a request for admissions of facts upon the County officers under Rule 36, Fed.R.Civ.P., 28 U.S.C.A., which facts are deemed to be admitted because not denied within the period designated in the request.

Without withdrawing the motion to dismiss, all the defendants, by their respective counsel, filed an amended answer containing certain admissions and reasserting the arguments aforesaid.[3]

 From the pleadings, admissions and other papers in the case, there does

---

1. In his answer to the original complaint, the County Treasurer expressed his willingness to pay the attached wages to the employee or the United States as the Court should direct.

2. Federal Insurance Contribution Act, 26

U.S.C.A. §§ 1400–1432 (1948); Withholding Act, 26 U.S.C.A. §§ 1621–1627 (1948).

3. This procedure does not seem to be in harmony with the provisions of Rule 12 (b), Fed.R.Civ.P.

not appear to be any genuine issue of fact except as to the amount of the wages attached. In our opinion defendants' motion to dismiss should be denied, and summary judgment rendered in favor of plaintiff on the issue of liability. Rule 56(c), Fed.R.Civ.P.

The undisputed facts show: That Newhard owed social security and withholding taxes, penalties and interest in the sum of $1,824.85; that the assessment list covering Newhard's 1949 taxes was received by the Collector on March 22, 1950, and that notice and demand upon him was made on March 24, 1950; that for his 1950 taxes the assessment list was received by the Collector on January 11, 1951, and notice and demand made January 12, 1951. On February 28, 1953, a notice of tax lien on all property or rights to property of C. J. Newhard, to secure the payment of the amounts assessed, together with interest, was filed in the office of the Prothonotary of Fayette County at Uniontown, Pennsylvania.

Newhard was employed by the County of Fayette as an appraiser in the Office for the Assessment and Revision of Taxes and earned $150 for each of the three two-week periods: June 1–15, 1953; July 1–15, 1953; October 1–15, 1953. Deductions from the gross earnings amounted to $90.46, leaving a total balance due Newhard for these periods of $359.54.

We gather that the County Treasurer did not deliver to Newhard the warrants by which he could have collected his wages because certain levies and demands had been made by the Collector upon the County Treasurer at some time or times before the wages accrued. It appears that the County still holds the wages and held an undetermined portion thereof at the time the original complaint was served upon its Treasurer.

The plaintiff expressly denies that it is attempting to secure a penalty judgment against the County Treasurer of the County pursuant to § 3710(b), 26 U.S. C.A., but asserts that it is trying to enforce its lien by civil action pursuant to § 3678, 26 U.S.C.A. Hence the facts concerning the validity of the levy or levies are irrelevant. But those levies and demands may have served to freeze Newhard's wages in the possession of the County until the complaint brought pursuant to § 3678 was served, which effect does not seem to be prohibited or illegal. See Givan v. Cripe, 7 Cir., 1951, 187 F.2d 225.

Although not argued pro or con, it should be determined in limine whether because of the sovereign character of the parties, this court has jurisdiction to entertain this action. In effect, this action by the United States to garnish wages in the hands of a county is, as claimed by defendants, equivalent to an action brought against a state by the United States; counties in Pennsylvania are quasi-municipal corporations and branches of the state government. Garr v. Fuls, 1926, 286 Pa. 137, 145, 133 A. 150, 153. As defendants point out, a private garnishor universally cannot succeed in garnishing wages in the hands of a public garnishee because fundamentally such an action is repugnant to the immunity of the sovereign from suit without its consent.[4] But when the United States takes the place of the garnishor, jurisdiction of a district court over such an action against a state has been upheld. United States v. Graham, D.C.S.D.Cal.1951, 96 F.Supp. 318, affirmed sub nom. State of California v. United States, 9 Cir., 1952, 195 F.2d 530, certiorari denied 1952, 344 U.S. 831, 73 S.Ct. 36, 97 L.Ed. 647.

██ The immunity of the state has been surrendered by its membership in the Union under the constitutional plan for judicial settlement of controversies between a state and the United States. See Principality of Monaco v. Mississippi, 1934, 292 U.S. 313, 329, 54 S.Ct. 745, 78 L.Ed. 1282. We can see no essential difference between a direct suit by the United States against a state to

4. Cf. cases cited 56 A.L.R. 601, 602–604.

enforce a property right [5] and a suit under § 3678 by the United States against a county—a branch of the state—as garnishee, to enforce a federal tax lien against the accrued wages owing to a delinquent taxpayer by a county. It is our opinion that the County of Fayette has no constitutional immunity from such an action and this district court has jurisdiction to adjudicate it.

Passing, then, to the merits, in their brief defendants categorically state that this action should be dismissed because the "Statute [sic] of Congress which created the liability against the Defendant, C. J. Newhard, does not give the Plaintiff the right to proceed for collection in the manner here attempted." Plaintiff's footnote reply is not very explicit: we doubt that § 1635(d) and § 2707 of the Internal Revenue Code, which it cites, are applicable to this action. The provisions of § 1635 expressly do not apply to any tax imposed prior to 1951 (the taxes here were for 1949 and 1950) and § 2707 provides for collection of penalties for willful failure to pay.[6] However, it seems to us that perhaps § 3312, not cited, as it existed in the Code prior to its amendment in 1950, 54 Stat. 1008, together with §§ 1627 and 1430 of the Code, disclose a congressional intent that all remedies should be available to the plaintiff for the collection of the social security and withholding taxes here involved. Cf. Illinois ex rel. Gordon v. United States, 1946, 328 U.S. 8, 66 S.Ct. 841, 90 L.Ed. 1049.

If it is assumed then that this proceeding is authorized, it can hardly be doubted now that the lien for unpaid taxes imposed by § 3670, 26 U.S.C.A. "upon all property and rights to property" belonging to the delinquent taxpayer, which lien arose when the assessment lists were received by the Collector,

§ 3671, fastened on the unpaid wages of Newhard on October 13, 1953 when the complaint was served.[7] See Glass City Bank v. United States, 1945, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56; United States v. Long Island Drug Co., 2 Cir., 1940, 115 F.2d 983. If we adopt Judge Harrison's language in United States v. Graham, supra [96 F.Supp. 321] it can be said that the rights of the taxpayer to his wages were "born with the tax lien impressed thereon".

If we view the service of the complaint as having the force and effect of an attachment execution under Pennsylvania law (see Rule 64, Fed.R.Civ.P.) [8] it may have been effective against all or part of the wages due for the period from October 1–15, 1953. Other facts which are not before us are requisite for a definitive judgment with respect to the actual amount attached.

It is not clear whether vel non on October 13, 1953, when the complaint was served on the Treasurer of the County and the taxpayer, that the latter was entitled to any wages for that period, and if so, the amount thereof. Rights which do not exist at the time of the demand upon the taxpayer are not subject to any lien. Future earnings are contingent and dependent upon future performance of contract for services and represent no existing rights in property. The usual rule (absent statute) is that garnishment does not affect future earnings. United States v. Long Island Drug Co., supra.

Defendants argue that a Pennsylvania statute provides that "the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer". Purdon's Pa. Stat.Ann. tit. 42, § 886 (1937),[9] but in Pennsylvania wages of persons may be attached, by municipal tax collectors, in the hands of employers for per capita,

---

5. United States v. Minnesota, 1926, 270 U.S. 181, 46 S.Ct. 298, 70 L.Ed. 539.

6. Cf. Kellems v. United States, D.C.Conn. 1951, 97 F.Supp. 681.

7. Purdon's Pa.Stat.Ann. tit. 12, § 2267 (1951).

8. Cf. United States v. Schuermann, D.C. E.D.Mo.1952, 106 F.Supp. 86.

9. Act of April 15, 1845 P.L. 459, § 5.

poll or occupation taxes. Purdon's Pa. Stat.Ann. tit. 72, § 5511.20 (1950).[10]

■ But even if the state statute were interpreted broadly to prohibit attachment of wages by the Collector of Internal Revenue for federal taxes, such an exemption prescribed by state law, being in conflict with the laws of the United States to levy and collect taxes under the supreme power of the Constitution, must yield.[11] Thus despite the claimed exemption, the lien of these unpaid taxes of Newhard covers all of Newhard's property or rights to property and may be enforced in a civil action at the instance of the Attorney General in a court proceeding. Sections 3678, 3312, 26 U.S.C.A. The accrued wages earned in June and July, 1953, in the hands of the County were the taxpayer's property in the form of indebtedness due him. Indebtedness has always been a subject of garnishment as one of the remedies of even an ordinary judgment creditor. See also Glass City Bank v. United States, supra; United States v. Long Island Drug Co., supra; 9 Merten's Law of Federal Taxation § 49.165. The federal tax lien appears to be the equivalent of a judgment for the purposes of collecting the tax against a chose in action. United States v. Gardzielewski, 7 Cir., 1943, 135 F.2d 271.

■ The right to raise revenue by taxing property is the highest attribute of sovereignty; it embraces the right of a government to exist on which all other rights depend. It is essential that Congress should be able to exercise its constitutional powers without regard to state legislation forbidding attachment of wages. A fortiori a state government may not interfere with a congressional decision to impose a lien on property or rights to property and defeat the operation of such a measure on wage indebtedness. If the statute providing for the lien be constitutional, and no one has suggested the contrary, nothing can be plainer than that the statute must be given its full and complete effect. Its operation cannot be impeded or defeated by state legislation. To hold otherwise would be to declare that Congress can only exercise its constitutional powers subject to and by sufferance of state governments.

At argument the court suggested that Fayette County should not be required to expend taxpayers' money or to consume the time and effort of its officers in defending garnishment proceedings. This objection was squarely met in the excellent brief prepared by plaintiff's counsel.

■ The money due Newhard as wages for June and July, 1953, was contracted for and appropriated; the warrants were drawn. There was no allegation or suggestion (except by the court) that the enforcement of the attachment would in the slightest degree interfere with, handicap or endanger the public welfare of Fayette County. True, it was said that Newhard resigned because of the garnishment, but it was not averred that he was irreplaceable or that his resignation jeopardized any vital governmental interests. Obviously, he was not an elected official, and apparently his work did not require continuous service. Neither do we think that the tasks of preparing an answer to the garnishment proceedings and attending to the necessary litigation in the district court would hinder or unreasonably threaten to impede any essential County function.

For some time now federal statutes have legally required counties to deduct

10. Act of 1945, May 25, P.L. 1050, § 20; Act of 1947, May 31, P.L. 372, § 1; See Hartman v. Columbia Malleable Casting Corp., 1949, 164 Pa.Super. 1, 63 A.2d 406; Dole v. City of Philadelphia, 1940, 337 Pa. 375, 11 A.2d 163.

11. McCulloch v. Maryland, 1819, 4 Wheat. 316, 436, 4 L.Ed. 579; Florida v. Mellon, 1927, 273 U.S. 12, 17, 47 S.Ct. 265, 71 L.Ed. 511; United States v. City of Greenville, 4 Cir., 1941, 118 F.2d 963, 966; Kyle v. McGuirk, 3 Cir., 1936, 82 F.2d 212.

social security and withholding taxes from the wages and salaries of their employees. Since Graves v. People of State of New York ex rel. O'Keefe, 1939, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, salaries of officers and employees of states have ceased to be immune from federal taxation. No adequate reason appears why the wages of this county employee should be granted an exemption from garnishment for federal taxes when such an exemption is denied to the ordinary private citizen. Therefore, although it be conceded that the County has been subjected to some trouble and inconvenience as a result of the garnishment proceedings, those burdens do not appear to be so substantial as to warrant a restriction upon the power constitutionally delegated to the federal government to collect taxes. U.S.Const. Art I, § 8.

Finally, defendants contend, without briefing the point, "that Plaintiff has not commenced an original action in this Court against the Defendant, C. J. Newhard, for the collection of taxes", and that consequently dismissal is in order because the "Action is ancillary". We are of the opinion that this point is without substance.[12]

Counsel will be directed to submit a form of decree in conformity with this opinion wherein the defendants' motion to dismiss will be denied, and, pursuant to Rule 56(c) and (d), Fed.R.Civ.P., summary judgment will be entered in favor of the plaintiff and against defendants on the issue of liability, leaving the precise amount of the judgment against the County to be determined at trial.

12. See Kelly v. Pittsburgh, 104 U.S. 78, 26 L.Ed. 658; 3 Cooley Taxation § 1326, pp. 2617, 2618 (4th ed. 1924) which cites the Kelly case. In United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, the Supreme Court decided that a federal tax lien had priority over the lien of an attachment despite the fact that in the district court the defendant taxpayer denied that any federal taxes were due. D.C. N.D.Ohio 1952, 109 F.Supp. 943. The instant case is stronger since the taxpayer has admitted that the taxes are due.