UNITED STATES of America,
Plaintiff,

v.

C. J. NEWHARD, Michael Karolcik, G. Emerson Work, J. Lewis Williams, William J. Graham, John Hoye, County of Fayette, Pennsylvania, Defendants.

Civ. A. No. 11738.

United States District Court,
W. D. Pennsylvania.

March 22, 1955.

John W. McIlvaine, U. S. Atty., Leonard Paletta, Asst. U. S. Atty., Edward Rothe, Pittsburgh, Pa., for the United States.

E. H. Bane, Uniontown, Pa., for defendant Michael Karolcik and others.

Anthony Cavalcante, Uniontown, Pa., for defendant C. J. Newhard.

MARSH, District Judge.

In this action to enforce a tax lien against wages of C. J. Newhard, the delinquent taxpayer, summary judgment was entered in favor of plaintiff and against the defendants on the issue of liability pursuant to Rule 56(c) and (d), Fed.R.Civ.P., 28 U.S.C. The precise amount of the judgment was left to be determined at the trial. United States v. Newhard, D.C.W.D.Pa.1955, 128 F. Supp. 805.

At the trial held March 3, 1955, plaintiff appeared by counsel; none of the defendants appeared either by counsel or in person.

The plaintiff offered in evidence a document entitled "Plaintiff's Request for Admission of Facts", service of which was accepted by counsel for garnishee on August 10, 1954, and to which no response was made. Rule 36, Fed.R. Civ.P. Request No. 2 states as follows:

> "2. After certain deductions, such as for withholding tax, retirement fund, and hospital insurance, the County of Fayette, Pennsylvania is presently indebted to C. J. Newhard for a total sum of $359.54."

This evidence, we think, is sufficient to find as a fact that the County of Fayette was on October 13, 1953, the day when the complaint was served upon it, indebted to C. J. Newhard in the sum of $359.54.

If Newhard or the County authorities had appeared at the trial, it might have developed that Newhard's wages for the October 1st to 15th, 1953, period did not accrue until the end of the pay period,

in which event our conclusion may have been that the wages for that pay period had not been legally attached on October 13, 1953 and could not be recovered by the plaintiff in this action. By their failure to produce evidence contradicting or explaining the admission above referred to, I think it can fairly be found that Newhard was entitled to the full amount of his wages for the October period aforesaid as of the date of service of the complaint.

Plaintiff also contends that the amended complaint which was served on March 26, 1954 is effective to attach the wages due Newhard up to that time: cf. Rule 15, Fed.R.Civ.P.; although there is considerable merit in this contention, in view of the above evidence, we do not think it necessary to decide it.[1]

We conclude that judgment should be entered against the garnishee in the sum of $359.54.

---

1. On March 3, 1953, plaintiff's counsel advised that a brief on this point would be furnished, but same has not been forthcoming as of the date of this adjudication.