**UNITED STATES of America**

v.

**Paul B. MILLER and Mildred E. Miller, his wife.**

No. 15965.

United States District Court
E. D. Pennsylvania.

July 14, 1955.

W: Wilson White, G. Clinton Fogwell, Jr., Philadelphia, Pa., for plaintiff.

Clarence C. Mendelsohn, Reading, Pa., for defendant.

LORD, District Judge.

This action is before the Court on objections of defendant, Paul B. Miller, to an Attachment Sur Judgment. The defendant argues that his wages may not be attached for debt.

Defendants borrowed $3,500 from the United States Department of Agriculture on two Farmer's Home Loans. They signed Bonds and agreed to repay the debts by installments. Defendants defaulted in their obligations. Efforts to recover full collection were unsuccessful.

On October 23, 1953, Judgment by Confession was entered in this Court. When additional time payments were not forthcoming, the plaintiff, on March 9, 1955, filed a Praecipe for a Writ of Execution upon which the Clerk issued an Attachment Sur Judgment, making the defendant-husband's employer a garnishee. Defendant, Paul B. Miller, now requests this Court to dissolve the garnishment proceedings because of a

Pennsylvania Statute prohibiting attachment of wages.[1]

The question is: Can the United States attach wages of one of its debtors in Pennsylvania, in the presence of the above-cited prohibitory statute of the Commonwealth of Pennsylvania?

■ There is no controversy between the parties over the fact that under the common law of Pennsylvania, creditors could attach wages. Also, there is no federal statute which prohibits the United States from garnishing the wages of a debtor. Consequently, the only possible block to such action is the Act of the Pennsylvania Legislature.

■ This Court knows of no authority which permits a state legislature to bind the sovereign, the United States of America. Justice Story, in United States v. Hoar, C.C.D.Mass. 1821, 26 Fed. Cas. page 329, No. 15,373, ruled that without authority from the National Legislature, the State Legislature could not bind the United States. He stated, 26 Fed.Cas. at page 329:

> "* * * It has not been denied, and indeed is too plain for argument, that the statutes of limitations of Massachusetts cannot proprio vigore bind or bar the suits of the national government in the national courts. If such an effect can be attributed to them, it can only be by reason of some extension of them for this purpose, by the national legislature. * * * For it is said, that, where a statute is general, and thereby any prerogative, right, title, or interest is divested or taken from the king, in such case the king shall not be bound, unless the statute is made by express words to extend to him. Bac. Abr. 'Prerogative,' E. 5. And, accordingly, it was ruled in the Case of Magdalen College, 11 Cooke, 68, 74b, 1 Rolle, 151, that 'the king has a prerogative,

quod nullum tempus occurrit regi, and, therefore, the general acts of limitation, or of plenarty, shall not extend to him.' * * *"

And further 26 Fed.Cas. at page 330:

> "* * * And if a construction could ever be justified, which should include the United States, at the same time, that it excluded the state, it is not to be presumed, that congress could intend to sanction an usurpation of power by a state to regulate and control the rights of the United States. In the language of the act of 1789, it would not be a case, where the laws of the state could apply. The mischiefs, too, of such a construction, would be very great. The public rights, revenue, and property would be subject to the arbitrary limitations of the states; * * *."

The Hoar case was cited with approval in United States v. Summerlin, 1940, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283.

■ In United States v. Hewes, D.C. E.D.Pa.1840, 26 Fed.Cas. page 297, No. 15,359, it was held that the general words of a statute (even a federal statute) do not bind the sovereign. In declaring that a federal statute abolishing imprisonment for debt did not apply to the United States, as a creditor, the Court stated, 26 Fed.Cas. at page 298:

> "* * * This is a question of grave importance to the government of the United States, as it may affect their securities for the public revenue, and their remedies against their various and numerous agents, who are receivers of the public money. * * *"

And 26 Fed.Cas. at page 301:

> "* * * In general, acts of the legislature are meant to regulate and direct the acts and rights of citizens; and in most cases the

---

1. Act of April 15, 1845, P.L. 459, § 5, 42 P.S.Pa. § 886:
   "* * * the wages of any laborers or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."

reasoning applicable to them applies with very different and often contrary, force, to the government itself. It appears to me, therefore, to be a safe rule, founded on the principles of the common law, that the general words of a statute ought not to include the government, or affect its rights, unless that construction be clear and indisputable upon the text of the act.' * * *"

Defendant cites as authority for support of his view the case of United States v. State Bank of North Carolina, 1832, 6 Pet. 29, 8 L.Ed. 308. He points to some expression in that case to the holding that claims of the United States do not stand upon any sovereign prerogative. However, such expression was pure dictum. The issue actually decided was the interpretation of a federal statute concerning the priority of the United States in collecting on a bond for the payment of duties. The Supreme Court in that case held that the United States *was* entitled to priority.

Defendant has also cited the case of United States v. Newhard, D.C.W.D.Pa. 1954, 15 F.R.D. 348 in support of his argument. On page 350 of 15 F.R.D. the court stated:

"[2] The defendant also contends that the complaint should be dismissed because in Pennsylvania the attachment of wages is prohibited by statute. Act of April 15, 1845, P.L. 459, § 5, 42 P.S.Pa. § 886.

"But in Dole v. City of Philadelphia, 1940, 337 Pa. 375, 11 A.2d 163, 168 [767], it was decided that the above Act 'sets up a system of attachment for debts and applies to debts only and not to taxes.' The Act, therefore, has no application to the instant case."

It is sufficient to say that in both the Dole case and in the Newhard case, taxes were sought to be collected. The expression of the court in the Dole case concerning collection of debts by garnishment is dictum. The same expression in the Newhard case is therefore "dictum on dictum."

Defendant's discussion of Pennsylvania cases is not pertinent in the present case. The United States, as a sovereign seeking to collect its debts, cannot be bound by either legislative or judicial acts of a member state. Accordingly, garnishment proceedings by the United States will be permitted by this Court.

Since 100% garnishment of wages might be impractical, and since the United States Attorney has indicated he will interpose no objection to percentage garnishment, the Court will overrule defendant's objections to the Attachment Sur Judgment and will direct the garnishee to pay 15% of defendant, Paul B. Miller's wages to the United States in installments until the debt is paid. Defendant's request for a $300 exemption under the Act of April 8, 1859, P.L. 425, § 1, 12 P.S.Pa. § 2166 is denied, since the question is no longer involved because of the ruling this Court has made on the garnishment issue.

An appropriate Order will be submitted.

