**UNITED STATES of America, Plaintiff,**

v.

**Harry PENN and Louis Zunin, Defendants.**

**Civ. A. No. 2190—Tucson.**

United States District Court
D. Arizona.

March 31, 1967.

Richard C. Gormley, U. S. Atty., JoAnn D. Diamos, Asst. U. S. Atty., Tucson, Ariz., for plaintiff.

Richard C. Harris, Dowdall & Harris, Tucson, Ariz., for defendants.

**656**

## OPINION

RUSSELL E. SMITH, District Judge.

May a wage earner who is indebted to the United States for federal withholding and Federal Insurance Contribution Act taxes frustrate the efforts of the United States to recover those taxes by collecting his wages in advance? Motions for summary judgment made by the plaintiff and the defendants pose this problem.

From the pleadings, answers to interrogatories and depositions it appears that Gerald Boucher, during the year 1961 as an owner of a water conditioning business, became indebted to the United States for withholding taxes and FICA contributions. Later and on December 1, 1961 Boucher was employed by the defendants Penn and Zunin in their drug store. In February, 1962, at the request of Boucher the defendants started paying him his weekly salary in advance. They were unaware of his tax liability and did not learn of it until July 9, 1964. At that time the United States served the first of a series of notices of levy on the defendants for the purpose of securing for the United States the unpaid wages due to Boucher. Had Boucher not been paid in advance there would have been due to him as of the time of the various levies an amount of $529.00 which the defendants as debtors of Boucher, would have been required to hold for the United States. The record does not show, and the complaint does not allege, that the advance salary arrangement was made by defendants for the purpose of frustrating the efforts of the United States to collect the taxes.

Defendants take the position that at the time the various levies were made they owed Boucher nothing, and that hence there was nothing upon which the levy could operate. Factually the defendants' contention is true. At the time all the levies were made Boucher

was still obligated to defendants for some work to satisfy salary advances theretofore made. Since a levy under Section 6332, Title 26 U.S.C.A., does not affect future earnings,[1] the defendants had no property or rights in property which they were obligated to surrender to the United States.

Plaintiff's motion for summary judgment is denied.

Defendants' motion for summary judgment is granted, and the court directs that all relief be denied to the plaintiff.

---

1. United States v. Long Island Drug Co., 2 Cir. 1940, 115 F.2d 983; United States v. Newhard, W.D.Penn.1955, 128 F.Supp. 805.