**EMC MORTGAGE CORPORATION**
**Plaintiff,**

v.

**Richard John STADELMANN, City of Brockton, Massachusetts Department of Revenue, Internal Revenue Service Defendants.**

**Civil Action No. 00–10342–JLT.**

United States District Court,
D. Massachusetts.

Oct. 24, 2000.

James A. Kelley, Adelson, Golden & Loria, P.C., Boston, MA, for EMC Mortgage Corp.

Thomas L. Plouffe, City Solicitor, City Hall, Brockton, MA, for City of Brockton.

Eileen Ryan McAuliffe, Department of Revenue, Boston, MA, for Massachusetts Department of Revenue.

Stephen J. Turanchik, U.S. Department of Justice, Trial Attorney, Tax Division,

Washington, DC for Internal Revenue Service.

## MEMORANDUM

TAURO, District Judge.

### I. Background:

Plaintiff EMC Mortgage Corporation ("EMC") is a lending institution headquartered in Texas. Defendant Stadelmann is an individual living in New Hampshire. Defendant City of Brockton is a municipality located in Massachusetts. Defendant Massachusetts Department of Revenue ("MDOR") is principally located in Boston, MA. Defendant U.S. Internal Revenue Service also has its principal place of business, with respect to this litigation, in Boston, MA.

On September 28, 2000, Stadelmann took out a mortgage from EMC's predecessor. Stadelmann subsequently defaulted on his loan and EMC held a public-auction foreclosure sale of the premises. A third-party purchased the property for $145,000.00. EMC alleges that after satisfying Stadelmann's debt, there was a surplus of $76,084.47 in which it has no claim of right, title or interest, other than an amount equal to attorneys fees and costs. Defendants MDOR, City of Brockton, and U.S. Internal Revenue Service all claim an interest in the surplus through tax liens to satisfy unpaid taxes. EMC filed this interpleader action to avoid exposing itself to multiple liabilities by attempting to decide the validity or superiority of each claim. Defendant MDOR's Motion to Dismiss is before the court today.

### II. Analysis:

■ In its Motion to Dismiss, MDOR raises the issue of whether this court can assert subject matter jurisdiction over MDOR. Specifically, MDOR alleges that it should be dismissed from the case because the Eleventh Amendment bars the Plaintiff from bringing suit against the sovereign state of Massachusetts in federal court.

In pertinent part, the Eleventh Amendment provides that the "[j]udicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." U.S. CONST. amend. XI. MDOR cites two Supreme Court decisions precluding interpleader actions against states by applying the Eleventh Amendment.

In *Worcester County Trust Co. v. Riley,* the Court affirmed the dismissal of a complaint in an interpleader action on the ground that it was a suit "against the state which the Eleventh Amendment forbids." 302 U.S. 292, 300, 58 S.Ct. 185, 82 L.Ed. 268 (1937). The Court found that the case, filed against revenue officers of two states, was "in substance a suit against the state" and was therefore barred. *Id.* at 296, 58 S.Ct. 185. More recently, in *Cory v. White,* the Court reaffirmed its earlier opinion when it held that the Eleventh Amendment precluded an interpleader action where tax officials in two states were named as defendants. *See Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982). The *Cory* Court refuted arguments for possible exceptions to the Eleventh Amendment's bar and expressly stated that *Worcester County Trust* was still good law. *See id.*

■ In opposing MDOR's Motion to Dismiss, Plaintiff argues that the "structural interplay" of certain U.S.Code sections suggests that Congress intended for suits involving federal tax liens to trump the Eleventh Amendment. Specifically, Plaintiff cites 26 U.S.C. § 7403, 28 U.S.C. § 2410, and 28 U.S.C. § 1444 in support of its argument. Plaintiff's reliance on these sections, however, is misplaced. These sections do not, explicitly or implicitly, discuss the abrogation of states' sovereign immunity in suits brought by private parties.[1] The Supreme Court has ruled that

---

**1.** Specifically, Plaintiff cites 26 U.S.C. § 7403    which allows the U.S. Attorney General to

"Congress may abrogate the States' constitutionally secured immunity from suit in federal court, only by making its intention unmistakably clear in the language of the statute." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996) (citations omitted). Thus, despite Plaintiff's argument to the contrary, the "structural interplay" of the various code sections cited by Plaintiff does not rise to the required level of unmistakable clarity. There is, therefore, no basis for abrogation of state sovereign immunity in this case.

### III.   Conclusion:

Because MDOR is protected by sovereign immunity and has not consented to the suit, Plaintiff's suit against MDOR is barred. As per the attached order, MDOR's Motion to Dismiss is ALLOWED.

IT IS SO ORDERED.

bring suit in federal district court to enforce a tax lien and name all persons also holding liens as parties. In a suit of this nature, states cannot claim sovereign immunity. *See U.S. v. Newhard*, 128 F.Supp. 805 (D.C.Pa.1955). Here, however, Plaintiff's citation is irrelevant because the Attorney General did not file the suit; EMC Corp., a private citizen, filed the suit. Plaintiff also cites 28 U.S.C. § 2410, which provides that the United States may be named as a party in interpleader actions in federal and state court for suits involving liens. Plaintiff then cites 28 U.S.C. § 1444 which provides that the United States can remove any suit filed under § 2410 to federal court. Again, these citations are irrelevant because the United States is not asking to be dismissed from this case; the MDOR is asking to be dismissed from this case.