**FIRST MASSACHUSETTS BANK, Plaintiff**

**v.**

**Kenneth L. DAOUST, Trustee, John A. Brunnell, Trustee, Commonwealth of Massachusetts, United States of America, Defendants**

**No. CIV.A. 01–12291–REK.**

United States District Court, D. Massachusetts.

July 26, 2002.

Paul J. O'Riordan, Seder & Chandler, Worcester, MA, for Plaintiff.

Paul M. Cranston, Cranston & Cranston, P.C., Barre, MA, for Defendant John Brunell.

Eileen Ryan McAuliffe, Department of Revenue, Litigation Bureau, Boston, MA, Lydia D. Bottome, U.S. Department of

Justice, Trial Attorney, Tax Division, Washington, DC, for Defendants Commonwealth of Massachusetts.

Memorandum and Order

KEETON, District Judge.

## I. Pending Matters

Now pending before this court are the matters associated with the following:

(1) Commonwealth of Massachusetts Department of Revenue's Motion to Remand (Docket No. 6, filed January 17, 2002), with accompanying Memorandum in Support (Docket No. 7, filed January 17, 2002), Supplemental Memorandum (Docket No. 17, filed June 6, 2002), and Reply to the United States Memorandum in Response (Docket No. 19, filed July 11, 2002).

(2) Defendant United States' Opposition to Massachusetts Department of Revenue's Motion to Remand (Docket No. 10, filed February 1, 2002), along with Supplemental Memorandum in Opposition (Docket No. 15, filed April 25, 2002) and Response to Commonwealth's Supplemental Memorandum (Docket No. 18, filed July 1, 2002).

## II. Background

This case is an interpleader action brought in the Massachusetts Superior Court at Worcester to determine proper disposal of surplus funds available after a bank foreclosure action by the plaintiff. Defendants Kenneth L. Daoust and John A. Brunell are trustees of the Boylston Street Associates Trust ("the Trust"). In 1991, the Trust executed and delivered to Safety Fund National Bank, predecessor in interest to plaintiff, a promissory note in the amount of $122,000. At the same time, as collateral for the note, the Trust granted the bank a mortgage encumbering a parcel of real property located at 2 Cotuit Street in Worcester.

In July of 2001, plaintiff instituted foreclosure proceedings against the property, which it sold for $131,000. After payment of the outstanding indebtedness on the promissory note, surplus sale proceeds of $49,758.82 remained. Plaintiff determined that the following parties, all defendants in the interpleader action, have an interest in the surplus: the United States, by virtue of two federal tax liens, one for $6,357.10 and one for $39,268.01, recorded against defendant Daoust; the Commonwealth of Massachusetts, by virtue of a tax lien in the amount of $26,475.19 recorded against Daoust; and the Trust, as the titleholder of the property at the time of the foreclosure.

On December 20, 2001, the defendant United States of America removed the action to the United States District Court for the District of Massachusetts. The Commonwealth responded by filing with the court a Motion to Remand the case to the Worcester County Superior Court, which is the subject of this memorandum and order.

## III. Issues Raised by the Motion to Remand

The case at bar raises three issues the court must address: the right of the United States to remove the action to federal court; the right of the Commonwealth, under the Eleventh Amendment, to be free from suit by a private citizen in federal court; and the proper course of action for the court to take when faced with a conflict between these two rights.

### A. Removal

The right of the United States, as a defendant, to remove the action to federal court is not disputed by the Commonwealth (Docket No. 17 at 3). The United States argues persuasively, and the Commonwealth apparently agrees, that for those disputes in which the United States

has waived, via statute, its sovereign immunity, it nonetheless retains the right, with very few exceptions (none applicable here), to have those disputes heard in the forum of its choosing. The tools for effecting this forum choice are the various removal statutes.

In this situation, a limited waiver of sovereign immunity by the United States is found at 28 U.S.C. § 2410(a), which allows the United States to be named as a party "in any district court, or in any State court having jurisdiction of the subject matter" in an interpleader action where the United States claims a mortgage or other lien on property at issue. Under this provision, the jurisdiction of the state forum is made explicitly subject to 28 U.S.C. § 1444, which allows the United States to remove 2410 actions to the United States district court for the district where the action is pending.

### B.   Eleventh Amendment Immunity

■ A conflict arises when a private plaintiff such as First Massachusetts Bank impleads both a state (Massachusetts) and the United States as defendants in a state court interpleader action. If the United States exercises its right, under 28 U.S.C. § 1444, to remove the case to federal court, the removal has potentially adverse consequences for the state's protections under the Eleventh Amendment to the United States Constitution:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Commonwealth claims that the Eleventh Amendment "bars federal court interpleader actions against states and state officials." (Docket No. 7 at 2.) The

United States acknowledges that the suit could not have been *commenced* in a federal court (Docket No. 10 at 4), but argues that because the United States, rather than the private citizen, *removed* the case to federal court, Massachusetts' Eleventh Amendment immunity is not implicated. The United States bases this argument on analogy to opinions that have ruled that states cannot invoke the Eleventh Amendment when sued by the United States, *see, e.g., West Virginia v. United States,* 479 U.S. 305, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987), or when impleaded as a third-party defendant by the United States in a suit brought by a private citizen, *see Parks v. United States,* 784 F.2d 20 (1st Cir.1986); *Barrett v. United States,* 853 F.2d 124 (2d Cir.1988).

In these other situations, the United States argues, it is the right of the United States "to bring the state into federal court" (Docket No. 15 at 9) even if the case has been commenced by a private citizen. Why, they ask, should the removal here be any different? The case at bar, the United States claims,

> is in this court not because of the act of any private plaintiff, but because of the act of the most public of defendants, the United States of America .... The federal government's action in removing the case to which the state is a party is analogous to the impleaders in *Parks* and *Barrett,* and is consistent with its right to join the Commonwealth as defendant in an action originating in this court.

*Id.* at 10.

The Commonwealth responds that the fact that the United States removed the case to federal court does not change the fact that a private plaintiff commenced the suit and continues to prosecute it. (Docket No. 17 at 5; Docket No. 19 at 5–6.) Unless the Commonwealth waives its sov-

ereign immunity by consenting to the suit, or has that immunity expressly abrogated in "unequivocal statutory language" by Congress, the removal will implicate the state's Eleventh Amendment protections. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Although 28 U.S.C. §§ 2410(a) and 1444 grant jurisdiction to the federal courts over tax lien claims by the United States, says the Commonwealth, they do not explicitly abrogate the immunity afforded states by the Eleventh Amendment, as required by *Seminole*.

I conclude that the Commonwealth has the better of the argument. Although the United States forwards a novel theory— that removal to the federal court by the United States is analogous to third-party impleading of a state—the case law offered in support of such a theory fails to overcome the Commonwealth's primary concern: that the suit remains one "commenced" and "prosecuted" by a private citizen *against the defendant state*. The United States' attempt to characterize both removal and third-party impleader as situations in which the United States "brings the state into federal court" blurs a crucial distinction. In the removal situation, the Commonwealth continues to find itself defending against the private citizen who commenced the suit; in the impleader situation, the Commonwealth must defend itself, as a third-party defendant, only against the *United States*. The fact that courts have held that the Eleventh Amendment does not apply in the latter situation cannot be used as justification for the contention that it should not apply in the former.

The United States' contention that it can find no case barring removal to federal court based on the presence of a state as co-defendant (Docket No. 10 at 5) is therefore something of a red herring. The

question about whether removal is allowed in such a situation is a fundamentally separate question from whether that removal, effected to allow the federal court to hear the federal tax-lien claims, then overrides the Eleventh Amendment rights of the co-defendant state. The United States' right to remove does not and cannot preclude the Commonwealth from raising its assertion of Eleventh Amendment protection.

Recent case law in this court supports this decision. The United States points to *Source One Mortgage Services Corp. v. Cacciola, et al.*, Civil No. 93–11712–DPW (D.Mass.1994), in which Judge Woodlock found "unpersuasive" the Commonwealth's Eleventh Amendment objection in a similar interpleader action. "The structured interplay between § 7403, § 2410 and § 1444," Judge Woodlock stated, "permits no other reasonable interpretation than that Congress undertook to establish a workable and integrated regime under which a federal court interpleader action would be available to determine the rights of 'all parties'—including the states—to property subject to federal tax liens." *Id.* at 4. Despite holding this opinion, Judge Woodlock agreed to remand the Commonwealth's claims to the state court after deciding issues regarding the federal tax lien claim himself.

*Source One*, however, was decided before the Supreme Court's ruling in *Seminole*, cited above, that statutes authorizing suit in federal courts cannot be construed as abrogating a state's Eleventh Amendment immunity unless they say so with unmistakable clarity. Such clarity is not to be found in 28 U.S.C. § 2410(a), § 1442, or § 1444, and these statutes cannot be read as trumping the Commonwealth's immunity.

Judge Tauro came to exactly such a conclusion in *EMC Mortgage Corp. v. Stadelmann*, 127 F.Supp.2d 249 (D.Mass.

2000), which the Commonwealth appropriately cites in its Supplemental Memorandum. (Docket No. 17.) The *Stadelmann* case, although commenced in the United States district court rather than being removed to it, was also an interpleader with both the Commonwealth and United States as defendants. Judge Tauro allowed the Commonwealth's motion to dismiss, rejecting the argument (taken, no doubt, from Judge Woodlock's earlier opinion) that the "structural interplay" of 28 U.S.C. §§ 2410 and 1444 trumps a state's Eleventh Amendment claim. *Id.* at 3. These statutes, Judge Tauro held, do "not rise to the required level of unmistakable clarity" in abrogating the states' Eleventh Amendment immunity demanded by *Seminole*. *Id.*

### C. Recommendations

The inescapable conclusion of the preceding explanation of precedents is that this case cannot go on in this court with the Commonwealth as a defendant. If the Commonwealth submits a motion to dismiss it as a party from this case, I expect that I will allow the motion.

At this time, however, the only motion before this court is the Commonwealth's Motion to Remand the action to Massachusetts Superior Court. In the order below, I DENY this motion. The United States has properly exercised its right to removal under 28 U.S.C. § 1441. The case is properly here, and I cannot force the United States to return to state court just because the removal has implicated the Commonwealth's Eleventh Amendment immunity.

The parties have submitted several memoranda offering counter suggestions on how the case might proceed in a fashion that harmonizes the United States' right to remove the case with the Commonwealth's immunity protections. The United States suggests that the court should dismiss the Commonwealth as a party to this action, and that the Commonwealth should then intervene and assert its interest under Fed.R.Civ.Proc. 24. (Docket No. 15 at 12.) The Commonwealth, understandably, is hesitant to consent to such a plan, arguing that voluntary intervention would constitute a waiver of its Eleventh Amendment rights, a step it is unwilling to take. (Docket No. 19 at 4.)

The Commonwealth instead recommends that the court dismiss the Commonwealth as a party, then dismiss the entire action, under Fed.R.Civ.Proc.19, based on the inability to join an indispensable party. *Id.* At that point, either the United States could initiate a foreclosure action in federal court with the Commonwealth as a defendant, or the Commonwealth could initiate the foreclosure action in state court with the United States, as defendant, removing the case to federal court. In either situation, the Commonwealth points out, their Eleventh Amendment rights would be respected. *Id.*

The court has no authority to tell parties what they should do, nor will I issue orders of dismissal based on suggestions rather than properly supported motions. I understand that the Commonwealth is presented with a difficult choice: withdraw from the action or remain a party and waive its Eleventh Amendment rights. Based on the concerns expressed by Commonwealth attorneys at our last case management conference, and as a matter of fairness, I can and do assure the Commonwealth that should it be dismissed as a party to the litigation, the court would not proceed without providing it with notice of further proceedings and the opportunity to file a brief in an *amicus* role. Although this approach would not guarantee the Commonwealth the opportunity to present oral argument or evidence to the court, the

Commonwealth could move to do so as an interested party.

I take seriously the district court's responsibility to assure that any decision it makes is fair not only to the parties formally before the court, but to other parties with an interest in the litigation as well.

## ORDER

For the reasons explained above, it is ORDERED:

(1) Plaintiff's Motion to Remand (Docket No. 6) is DENIED.

(2) The next case management conference is set for October 9, 2002, at 2:30 p.m.